## A01A0222. BALATA DEVELOPMENT CORPORATION v. REED.
### (548 SE2d 668)

MIKELL, Judge.

Balata Development Corporation ("Balata") appeals the trial court's ruling that Balata is not entitled to a refund of the earnest money it paid pursuant to a contract it executed with Jerry Reed to purchase Reed's property. We reverse.

It is undisputed that the contract was prepared and printed by Balata. Section 2 of the contract, entitled "Earnest Money Deposit," provides: "Buyer shall, simultaneously with its execution hereof, deposit with Seller the sum of Fifty Thousand ($50,000) AND NO/100 dollars as the Earnest Money Deposit hereunder. *Such sum shall non refundable [sic] to Buyer.* Said sum shall apply toward said purchase price herein at closing." (Emphasis supplied.) In contrast, the third paragraph of Section 5, entitled "Survey," provides:

> If such Surveys, [sic] indicate conditions unsuitable to Buyer for Buyer's contemplated use, . . . then at the option of Buyer, evidenced by written notice to Seller, this Agreement shall be null and void *and the Earnest Money Deposit shall be promptly returned to Buyer notwithstanding anything in this Agreement to the contrary.*

(Emphasis supplied.)

Balata tendered $50,000 as earnest money to Reed upon execution of the contract. After reviewing a survey of the property, Balata determined that the property would not yield a sufficient number of lots and thus was not suitable for development into the subdivision it had planned. Balata notified Reed that the property was unsuitable for its intended use and requested a refund of the earnest money.

Reed refused.

Balata filed a petition for declaratory judgment raising three issues of contract construction, including whether the earnest money was refundable. Following a bench trial, the court entered a final order in which it held that Reed was not required to refund the earnest money. Balata appeals the order solely on that issue.

It is well settled that the construction of a contract is a question of law for the court. OCGA § 13-2-1; *Ga. Assn. of Educators v. Paragon Productions*, 238 Ga. App. 681, 682 (1) (520 SE2d 37) (1999); *Estate of Sam Farkas v. Clark*, 238 Ga. App. 115, 119 (2) (517 SE2d 826) (1999). Therefore, our review of the court's interpretation of the contract is de novo. *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

Balata contends that the trial court ignored the language "notwithstanding anything in this agreement to the contrary" contained in Section 5, and that it erred in finding that Sections 2 and 5 of the contract conflict. We agree.

The cardinal rule of contract construction is to ascertain the intention of the parties. *Thornton v. Kumar*, 240 Ga. App. 897, 898 (525 SE2d 735) (1999); OCGA § 13-2-3. Additionally, the law favors the construction of a contract that will uphold the entire instrument as a whole. *Asian Square Partners v. Cuong Quynh Ly*, 238 Ga. App. 165, 167 (1) (518 SE2d 166) (1999); OCGA § 13-2-2 (4).

Applying the above rules of construction, we interpret Section 2 of the contract as a general provision that the earnest money shall be nonrefundable after the signing of the contract. Section 5 then sets out a more specific provision regarding the Buyer's options if the survey indicated conditions unsuitable for the Buyer's contemplated use. Section 5 provides the precise mechanism for the Buyer to express his objections, and that the earnest money shall be promptly returned at the Buyer's option. We find this interpretation to be more consistent with the intention of the parties and conclude that the money should have been returned to Balata. Accordingly, the trial court's decision is hereby reversed.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 8, 2001.

*Davidson & Fuller, Stephen P. Fuller,* for appellant.
*Alfred L. Allgood,* for appellee.