A03A0858. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. HALL COUNTY et al.
(586 SE2d 715)

BLACKBURN, Presiding Judge.

Following a bench trial in this declaratory judgment action, Georgia Farm Bureau Mutual Insurance Company (Farm Bureau) appeals the trial court's ruling that it is contractually obligated to indemnify and defend its insured, co-defendant Jerry Randall Pirkle, against the ordinary or gross negligent counts of a third-party complaint brought by Jack Catlin against Pirkle, as such ruling is based on an erroneous interpretation of the terms of the insurance contract. For the reasons set forth below, we reverse.

---

[4] *Martin v. Silvey*, 200 Ga. App. 127 (1) (407 SE2d 97) (1991).

This litigation arose out of Hall County's August 11, 2000 filing of a petition to condemn certain real property owned by Pirkle in Hall County. On August 15, 2000, four days after the condemnation petition was filed, Pirkle contracted with Jack Catlin, d/b/a Catlin Forestry Services, Inc. and Catlin Forestry Services, LLC (collectively referred to herein as "Catlin") for the sale of the timber on the subject property, without notice of the contract of sale to Hall County or notice of the condemnation action to Catlin. The unrecorded contract sold certain timber and granted a license to Catlin through February 15, 2002, to enter the property and harvest the timber.

Title to the subject real property transferred to Hall County when it was awarded a condemnation judgment thereon on September 12, 2000, which was recorded in the Superior Court of Hall County on September 13, 2000. The insurance policy in question became null and void under its terms on September 12, 2000, the date title transferred to Hall County. Catlin entered the property in October 2000 and began harvesting timber. On November 15, 2000, Hall County directed Catlin to cease removing timber from its property, which he refused to do based on his agreement with Pirkle.

On April 17, 2001, Hall County initiated an action against Catlin in Stephens County for trespass and conversion of the subject timber, and Catlin filed a counterclaim for abusive litigation. On August 31, 2001, Catlin filed a third-party complaint against Pirkle, seeking indemnification for any sums awarded against him to Hall County and costs of litigation. Catlin also sought damages from Pirkle for breach of contract, unjust enrichment, and, by amendment to the third-party complaint, for ordinary and gross negligence in failing to advise him of the existence of the condemnation petition at the time of the contract and for failing to notify Hall County of his lien allegedly created by the August 15, 2000 contract. Pirkle gave timely notice to Farm Bureau of Catlin's claims.

In response, Farm Bureau filed the underlying declaratory judgment action. The parties agreed to try the case based upon numerous stipulations of fact and the briefs submitted by each party. The stipulations included the relevant facts and the admissibility of the pleadings in the companion action and the various depositions taken in this case.

By its amended order of October 25, 2002, the trial court ruled that Farm Bureau had no obligation to defend Pirkle for any breach of contract or fraud claims and could not be held liable for damages resulting therefrom, as such coverages were excluded under the language of the policy. The trial court further held that Farm Bureau had no obligation to defend Pirkle and could not be held liable for damages resulting from any unjust enrichment award or negligence claim arising after September 12, 2000, the date the property was

transferred to Hall County, and the policy became void under its own terms.

The trial court also ruled, however, that Farm Bureau had an obligation to defend Pirkle and could be liable for any damages awarded on Catlin's claim that Pirkle negligently failed to advise him of the petition to condemn when they entered into their contract on August 15, 2000, and for his negligent failure to advise Hall County of the outstanding lien created by the August 15, 2000 contract. It is this ruling which Farm Bureau now appeals.

Determination of the issues herein requires us to construe the provisions of the subject insurance policy under the facts of record. Issues of construction of an insurance policy and the rights and obligations of the parties thereunder may involve mixed questions of law and fact. *Nationwide Mut. Ins. Co. v. Peek*.[1] However, when the trial court merely construes and interprets a contract where the material facts are undisputed, "an appellate court owes no particular deference to such legal conclusions," and the review is de novo. (Punctuation omitted.) *McCombs v. Southern Regional Med. Center*;[2] *Balata Dev. Corp. v. Reed*.[3]

1. Farm Bureau enumerates as error the trial court's order to defend Pirkle against Catlin's negligence and gross negligence claims occurring before the September 12, 2000 termination of the policy.

"If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *City of Atlanta v. St. Paul Fire &c. Ins. Co.*[4] It is well established that the allegations of the complaint and third-party complaint provide the basis for determining whether liability exists under the terms of the insurance policy. See *Great American Ins. Co. v. McKemie*;[5] *Bates v. Guaranty Nat. Ins. Co.*[6] The one claiming a benefit has the burden of proving that a claim falls within the coverage of the policy. *Allstate Ins. Co. v. Grayes*.[7]

Catlin's complaint alleged that Pirkle licensed timber rights to Catlin, but failed to inform Catlin that condemnation proceedings had begun and also failed to inform Hall County that the property now had a lien attached to it. Additionally, the complaint alleged that Pirkle specifically warranted to Catlin that he had the right to

---

[1] *Nationwide Mut. Ins. Co. v. Peek*, 112 Ga. App. 260, 262 (145 SE2d 50) (1965).

[2] *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 681 (2) (504 SE2d 747) (1998).

[3] *Balata Dev. Corp. v. Reed*, 249 Ga. App. 528, 529 (548 SE2d 668) (2001).

[4] *City of Atlanta v. St. Paul Fire &c. Ins. Co.*, 231 Ga. App. 206, 207 (498 SE2d 782) (1998).

[5] *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85-86 (259 SE2d 39) (1979).

[6] *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11 (476 SE2d 797) (1996).

[7] *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419 (454 SE2d 616) (1995).

sell the timber under the terms of their contract. Finally, Catlin's amended complaint sought punitive damages, describing Pirkle's acts and omissions as "wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences and their effects upon Third-Party Plaintiff." See OCGA § 51-12-5.1.

Regardless of the outcome of Catlin's suit, Farm Bureau would not be obligated to pay the claims because Catlin's factual allegations do not constitute an occurrence. Occurrence is defined by the policy as an "accident," which in Georgia means "an event which takes place without one's foresight or expectation or design." (Punctuation omitted.) *O'Dell v. St. Paul Fire &c. Ins. Co.*[8]

First, the only reasonable inference to be drawn from the alleged facts is that Pirkle's failure to inform Catlin and Hall County of each other's interest was not an "accident." In that regard, this case is analogous to *City of Atlanta*, supra, where we held that the insured city's instruction to its contractor to clear property it knew was privately owned was not an "accident" and thus not an "event" within the meaning of its policy. Id. at 208.

We note that Catlin's damages resulted from the State's obtaining title to certain real property through condemnation. Pirkle had warranted to Catlin his right to sell the timber and permit its harvesting through February 15, 2002, with knowledge of the pending condemnation proceeding. These facts constitute a breach of contract, or fraud, and any loss is not a covered occurrence under the terms of the policy.

Pirkle's failure to advise Hall County of the lien created by the August 15, 2000 contract did not itself cause injury to Catlin. Moreover, Pirkle's decision to enter into the contract with Catlin was a deliberate, *intentional* act of which the damages were a natural and expected consequence. Pirkle cannot negotiate and consummate a contract with Catlin with knowledge of the State's pending condemnation action and then look to his insurance company to defend him, or to insulate him, from the damages which naturally resulted from his conduct. Pirkle intentionally struck a bargain within three days of the filing of the condemnation petition and received the sum of $36,500 in exchange for the right of Catlin to cut timber through February 15, 2002, knowing that title to the property would transfer to the State long before that time. His conduct in this contract matter does not constitute an "occurrence" or an "accident" and is not covered by the policy. The trial court erred in holding otherwise, and we must reverse.

---

[8] *O'Dell v. St. Paul Fire &c. Ins. Co.*, 223 Ga. App. 578, 580 (1) (478 SE2d 418) (1996).

Second, by seeking punitive damages, Catlin has explicitly alleged that the act was intentional or at least evinced an expectation of harm. See *Consolidated American Ins. Co. v. Spears*[9] (facts necessary to support punitive damages require a level of intent greater than that necessary to trigger the "intended or expected" exclusion in insurance policy); *Tecumseh Products Co. v. Rigdon*[10] ("conscious indifference to consequences" relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights); *E-Z Serve Convenience Stores v. Crowell*[11] ("reckless and wanton disregard of consequences" may evince an intention to inflict injury and is equivalent to an intentional tort). Deliberate acts with expected consequences are simply not covered by the policy. Therefore, Farm Bureau was under no obligation to defend Pirkle in this action. The trial court erred in holding otherwise, and we must reverse.

2. Because of our holding, it is unnecessary to address Farm Bureau's remaining arguments.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED AUGUST 20, 2003.

*McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Larry L. Hicks II*, for appellant.

*McDonald & Cody, Phillip G. Cody, Jr., Stewart, Melvin & Frost, Frank Armstrong III, Fortson, Bentley & Griffin, Michael C. Daniel, Richard G. Douglass*, for appellees.

---

[9] *Consolidated American Ins. Co. v. Spears*, 218 Ga. App. 478, 480 (462 SE2d 160) (1995).

[10] *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739, 743 (552 SE2d 910) (2001).

[11] *E-Z Serve Convenience Stores v. Crowell*, 244 Ga. App. 43, 45 (535 SE2d 16) (2000).