A04A2096. CUSTOM PLANNING & DEVELOPMENT, INC. et al. v. AMERICAN NATIONAL FIRE INSURANCE COMPANY.
(606 SE2d 39)

ELDRIDGE, Judge.

Custom Planning & Development, Inc. and Tony Soufastai, the insureds, sued their insurer, American National Fire Insurance Company for breach of its contract to indemnify them for a claim that had been defended on a reservation of right at arbitration. The arbitrator found that there had been no negligence by the builder but that there had been a breach of implied warranty and of contract. The insurer contended that there was no occurrence under the policy; that there was a contractual liability exclusion; that there was a business

risk exclusion; and that there was an exclusion by damage to property. The trial court granted summary judgment. Finding no error, we affirm.

In December 1997, Soufastai purchased a lot at 1630 Powers Ridge Place, Atlanta, Fulton County, and began excavating the property; he discovered that the site consisted of loose fill; he had the lot excavated, refilled with replacement soil, and compacted. A subcontractor built a crosstie retaining wall. A house and pool were constructed on the property. On September 11, 1998, James and Jeanne Calloway were conveyed the house, pool, and land. The Calloways contended that the retaining wall was defective because of poor soil compaction and the presence of trash and debris in the fill soil.

On December 5, 2000, the Calloways invoked the arbitration provision in the sales contract. On January 2, 2001, American National sent its first reservation of rights letter to Custom Planning and Soufastai. On July 2, 2001, American National sent its second reservation of rights letter.

On July 10-11, 2001, the arbitration was conducted. The award stated:

> On the Claim for damages resulting from negligently designed and constructed retaining wall which did not meet construction standards of the industry nor customs of the building trade, all of which constituted a breach of implied warranty and of contract between the Parties, . . . Tony Soufastai and Custom Planning & Development, Inc. shall pay . . . $168,876. . . . The Claim for alleged damages to the pool on the subject property resulting from the retaining wall failure is denied in its entirety.

1. The Insureds contend that the trial court erred in finding that the failure of the crosstie retaining wall was not an occurrence within the meaning of the policy.

Under Section I — Coverage, 1. Insuring Agreement, b. "The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.' . . ." Under the policy definitions section, "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

"Accident" is not defined within the policy. The generally accepted meaning for "accident" is contained in OCGA § 1-3-3 (2): "'[a]ccident' means an event which takes place without one's foresight or expectation or design." See also *City of Atlanta v. St. Paul Fire &c. Ins. Co.*, 231 Ga. App. 206, 208 (1) (498 SE2d 782) (1998).

However, when used in an insurance policy, accident has a further meaning limited by the occurrence or event as to causation of injury or damage; "[a]n accident is an unexpected happening rather than one occurring through intention or design." (Citation omitted.) Id. (intentional trespass not an accident); see also *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419 (1) (454 SE2d 616) (1995) (intentional shooting not an accident). "Acts could not be unexpected unless they were accidental. [Cits.]" (Punctuation omitted.) *Southern Guaranty Ins. Co. v. Saxon*, 190 Ga. App. 652, 653 (379 SE2d 577) (1989) (no intent to cause injury while intending to elude police raised issue of accident). In this case, no accident occurred, because the arbitrator did not find negligence but instead found a breach of implied warranty and a breach of contract, which conduct does not include either an accident or an occurrence. See generally *Ga. Farm &c. Ins. Co. v. Hall County*, 262 Ga. App. 810, 813 (586 SE2d 715) (2003). However, where faulty workmanship causes damage to other property, there may be an occurrence within the policy meaning of occurrence from such faulty workmanship, which was negligently performed, which could create an issue of fact as to an accident within the policy. *SawHorse, Inc. v. Southern Guaranty Ins. Co. of Ga.*, 269 Ga. App. 493, 498 (2) (604 SE2d 541) (2004). But, where there has been a determination through arbitration that no other property, i.e., the swimming pool, was damaged as a consequence of the faulty workmanship, then there has been no occurrence within the policy where the faulty workmanship causes damage only to the work itself, i.e., the crosstie retaining wall; negligence through faulty workmanship was not found to have caused damage to other property but breach of implied warranty and breach of contract were found in the arbitration award. Id. at 496-497 (1) (a), (b).

Occurrence does not mean a breach of contract, fraud, or breach of warranty from the failure to disclose material information. *Ga. Farm &c. Ins. Co. v. Hall County*, supra at 813. Further, where the alleged occurrence involves the builder's risk exclusion, the courts have found exclusion either because there was no occurrence, builder's risk, or both; under such circumstances, the alleged occurrence and the builder's risk issues are so intertwined that they must be analyzed together, as in this case, and factually may create a jury question as to whether an accident occurred. See *SawHorse, Inc. v. Southern Guaranty Ins. Co. of Ga.*, supra; *Bituminous Cas. Corp. v. Northern Ins. Co. of N.Y.*, 249 Ga. App. 532, 533-534 (548 SE2d 495) (2001); *Canal Indem. Co. v. Blackshear Farmers Tobacco Warehouse*, 227 Ga. App. 637, 639-640 (2) (490 SE2d 129) (1997); *Sapp v. State Farm Fire &c. Co.*, 226 Ga. App. 200, 203-204 (486 SE2d 71)

(1997). However, in this case, any factual issue as to the occurrence of an accident was resolved against the Insureds in the arbitration award.

2. The Insureds contend that the trial court erred in finding that the contractual liability exclusion of the policy bars coverage.

The arbitration award did not find that faulty workmanship caused damage to other property through negligence; the arbitration award did find breach of implied warranty and of breach of contract in the work performed in constructing the crosstie retaining wall. Thus, negligence was excluded as the basis for liability either for other property or of the crosstie retaining wall. See *SawHorse, Inc. v. Southern Guaranty Ins. Co. of Ga.*, supra at 496 (1) (a). For there to be liability for faulty workmanship through negligence, there would have to be damage to property other than the work itself, i.e., the crosstie retaining wall, and such defects would have to be caused by negligence, and not either breach of contract or of implied warranty. See id. at 497 (1) (b).

3. The Insureds contend that the trial court erred in finding that the business risk exclusion of the policy bars coverage.

Property damage occurring to real property comes within the "business risk" exclusion where the damage occurred in performing the construction operation incident to the work itself. The arbitrator awarded damages for the defective construction of the crosstie re-taining wall based upon breach of implied warranty and breach of contract.

> [T]he business risk borne by the contractor to replace or repair defective work to make the building project conform to the agreed contractual requirements . . . is not covered. . . . The coverage applicable under the CGL policy is for tort liability for injury to persons and damage to other property, and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained.

(Citation and punctuation omitted.) *Sapp v. State Farm Fire &c. Co.*, supra at 203-204 (1) (b); accord *Bituminous Cas. Corp. v. Northern Ins. Co. of N.Y.*, supra at 534.

"[The] purpose of this comprehensive liability insurance cover-age is to provide protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product." (Citation and punctuation omitted.) *Gary L. Shaw Builders v. State Auto. Mut. Ins. Co.*, 182 Ga. App. 220, 223 (2) (355 SE2d 130) (1987). Exclusion j (5) clearly and unambiguously excludes coverage for defective workmanship. See *SawHorse, Inc. v.*

*Southern Guaranty Ins. Co. of Ga.*, supra at 496 (1) (a). Exclusion j (5) excludes coverage if the real property damage occurs in the performance and arising out of operations in creating such improved property, i.e., the crosstie retaining wall, because until the work is successfully completed, it does not become part of the improved realty separate from the construction of the property. The award was for the restoration of the retaining wall and excluded any damage to the pool.

Exclusion j (6) eliminates coverage for "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it. This exclusion does not apply to liability assumed under a sidetrack agreement or to 'property damage' included in the 'products-completed operations hazard.'"

In December 1997, Soufastai purchased the land. Early in January 1998, the property was excavated when it was discovered that the building site consisted of loose fill. The building site was excavated, refilled, and compacted with replacement soil. On September 11, 1998, the Calloways were conveyed the improved property. Prior to the closing, a pool was constructed in the area of the compacted soil. The work was not completed when the damage occurred, and Soufastai owned the improved property. Thus, the crosstie retaining wall does not fall within the definition of "products-completed operations hazard," and exclusion j (6) applies to eliminate coverage. See *Glens Falls Ins. Co. v. Donmac Golf Shaping Co.*, 203 Ga. App. 508, 510 (3) (417 SE2d 197) (1992).

4. The remainder of the Insureds' enumerations of error are controlled by the foregoing divisions.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 7, 2004.

*Barrickman, Allred & Young, Fredric S. Young*, for appellants.
*Mabry & McClelland, Richard H. Hill, Jr., Robert M. Darroch*, for appellee.