[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 02-16567
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2003

THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01496 CV-TWT-1

LOURDES BAEZ, Personal Representative of the
Estate of Alberto Torres, Deceased,

Plaintiff-Appellant,

versus

BANC ONE LEASING CORPORATION and
BANC ONE CREDIT COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 24, 2003)

Before EDMONDSON, Chief Judge, COX, Circuit Judge, and PAUL*, District Judge.

PER CURIAM:

_____

*Honorable Maurice M. Paul, United States District Judge for the Northern District of
Florida, sitting by designation.

# I. INTRODUCTION

Lourdes Baez, the personal representative of Plaintiff Alberto Torres's estate, appeals the district court's entry of summary judgment for Banc One Credit Company. We affirm the district court's order, reported at *Torres v. Banc One Leasing Corp*, 226 F. Supp. 2d 1345 (N.D. Ga. 2002), granting summary judgment to Banc One Credit Company and Banc One Leasing Corporation on the original complaint, and we affirm the judgment in favor of Banc One Leasing Corporation.[1] But, we vacate the judgment for Banc One Credit Company and remand the case for the district court to consider Torres's motion for leave to file an amended complaint against Banc One Credit Company, which was pending at the time the district entered final judgment.

# II. STANDARD OF REVIEW

Baez raises three issues regarding the district court's grant of Banc One Credit Company's motion for summary judgment, and one issue regarding the district court's tacit denial of Torres's motion for leave to amend his complaint. We review de novo the district court's grant of summary judgment, applying the same familiar standards as the district court. *Hallum v. Provident Life & Acc. Ins. Co.*, 326 F.3d 1374, 1375-

---

[1]Baez does not contend that the district court erred in granting summary judgment for Banc One Leasing Corporation.

76 n.1 (11th Cir. 2003). We review for abuse of discretion the district court's decision to deny the motion for leave to file an amended complaint. *Jennings v. BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999).

### III. ISSUES ON APPEAL AND DISCUSSION

Baez first contends that the district court erred when it concluded that the early termination provision in Torres's auto lease did not run afoul of § 183(b) of the Consumer Credit Protection Act, 15 U.S.C. § 1667b(b) (2003). The district court concluded that the early termination provision was "reasonable in the light of the anticipated or actual harm caused by the delinquency, default, or early termination, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy," as required by § 1667b(b).[2] *See Torres*, 226 F. Supp. 2d at 1350-51. We agree with the district court's conclusion and its reasoning in support of that conclusion.

Second, Baez contends that the district court erred when it concluded that the early termination provision did not run afoul of Georgia's Uniform Commercial Code provision requiring liquidated damages to be "reasonable in light of the then

---

[2]If Torres had kept the car for the full lease term, he would have paid an amount equal to Banc One's estimation of the car's depreciation during the lease term, plus interest. Under the early termination provision, however, Banc One charged Torres and similarly-situated lessees the amount his leased car actually depreciated during the time he held the car, plus interest.

anticipated harm caused by the default or other act or omission." O.C.G.A. § 11-2A-504(1) (2003). We agree with the district court that the provision is reasonable under Georgia law, based on *Sun v. Mercedes Benz Credit Corp.*, 562 S.E.2d 714, 717-18 (Ga. Ct. App. 2002), *cert. denied* (Ga. 2002). *See Torres*, 226 F. Supp. 2d at 1351-52.

Third, Baez contends that the district court erred when it concluded that Torres's right to reimbursement for unused warranty payments was immaterial to his claim that the early termination provision was unreasonable under Federal and Georgia law. *See id*. at 1352. We find no error in the district court's conclusion.

Fourth, Baez contends that the district court abused its discretion when it entered final judgment against Torres without addressing Torres's pending motion to amend his complaint against Banc One Credit Company. We agree. The district court did not comment on the motion, and apparently overlooked it in closing the case. This was an abuse of discretion. *See* Fed. R. Civ. P. 15(a) (stating that leave to file an amended pleading shall be freely given when justice so requires); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not

4

an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

## IV. CONCLUSION

The grant of summary judgment to Banc One Credit Company on the original complaint is affirmed. The judgment in favor of Banc One Leasing Corporation is affirmed. The final judgment in favor of Banc One Credit Company is vacated and the case is remanded for the district court to address the motion for leave to amend the complaint against Banc One Credit Company.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.