[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2006
THOMAS K. KAHN
CLERK

No. 06-10324
Non-Argument Calendar

_____

D. C. Docket No. 05-21222-CV-JLK

WALDO CONEY,

Plaintiff-Appellant,

versus

LOREN GRAYER,
Warden of FCI Miami,
JUAN R. MONSERRATE, M.D.,
Medical Officer of FCI Miami,
UNITED STATES,
DEERING HOSPITAL,
Contracted Hospital of FCI Miami,
J. F. NAVIDAD,
Assistant Health Service Administrator
of FCI Miami, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 8, 2006)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Waldo Coney, a federal prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint. The district court conducted a frivolity review under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed Coney's complaint for failure to state a claim. After review, we affirm.

## I. BACKGROUND

Coney's complaint alleges inter alia an Eighth Amendment claim for inadequate medical care and is brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-397, 91 S. Ct. 1999, 2004-05 (1971). Coney's complaint alleges that the defendants denied him and delayed his medical treatment for various medical conditions, including hemorrhoids and painful and swollen testes and penis.

Coney began experiencing hemorrhoid problems in 1996. In 1997, successful surgery was performed on Coney's right testicle. However, in March 1999, Coney began again experiencing hemorrhoids and, in December 1999, Coney had a second hemorrhoid surgery. After this second surgery, Coney began experiencing pain and swelling in his testes and penis. In August 2000, an ultrasound revealed a mass on Coney's right testicle, which a prison doctor

diagnosed as benign prostate hyperplasia. Coney continued to experience pain and swelling and, in August 2002, Coney was referred to a urologist, who recommended surgery. In September 2002, Coney had outpatient testicular exploratory surgery and received aftercare from prison physician's assistants. Test results indicated that the mass in Coney's right testicle was not cancerous, and a follow-up examination revealed that Coney had healed well after the surgery.

Coney attached as exhibits to his complaint prison medical records reflecting his treatment history. Coney's main complaint is that the medical staff delayed or denied him the proper medical treatment. However, Coney's exhibits reveal that Coney repeatedly saw the medical staff for his medical complaints and that the prison medical staff repeatedly prescribed Coney pain medication, antibiotic therapy, sitz baths and convalescence for his complaints.

After Coney filed his complaint, the magistrate judge conducted a review pursuant to 28 U.S.C. § 1915(e). The magistrate judge issued a report and recommendation ("R&R") recommending, among other things, that Coney's Eighth Amendment claim against the individual defendants be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[1] Specifically, the magistrate judge

---

[1]Coney's complaint raised claims against the United States Bureau of Prisons, the prison warden, Deering Hospital, and various other prison medical staff. The magistrate judge recommended dismissing Coney's claims against the United States and Deering Hospital because they were not "individuals" that could be sued pursuant to Bivens. The magistrate judge

3

found that, although Coney had alleged a serious medical need, he had failed to allege deliberate indifference to his medical need. The magistrate judge noted that Coney had received three surgeries, as well as medications, diagnostic testing and specialty care and that Coney had not alleged any further medical problems following his last surgery. Therefore, the R&R concluded that Coney had not adequately alleged "that any defendant acted with a culpable state of mind in denying or delaying medical care, as evidenced by the abundance of care received by the plaintiff."

Coney filed objections to the R&R, arguing that his Eighth Amendment claims should not be dismissed because some of the defendants were deliberately indifferent when they delayed or denied him medical treatment, examinations and diagnostic tests. Coney also argued that he should be allowed to amend his complaint with regard to the deliberate indifference issue. However, Coney did not explain how he would amend his complaint to address the flaws raised in the R&R.

The district court adopted the R&R and dismissed Coney's complaint. Coney filed this appeal.

---

also recommended dismissing Coney's Federal Tort Claims Act, conspiracy and state law claims. Coney does not appeal the dismissal of these claims, and we do not address them further. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issues not raised in the initial brief on appeal are deemed abandoned).

## II. DISCUSSION

Coney argues that his complaint alleged sufficient facts to show that the individual defendants were deliberately indifferent to his serious medical problems.[2] To state an Eighth Amendment claim, the plaintiff must allege both an objectively serious medical need and the subjective intent of deliberate indifference. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). We agree with the district court that Coney alleged an objectively serious medical need. Thus, the focus of this appeal is on whether Coney sufficiently alleged the subjective component of deliberate indifference. "To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Id. Although deliberate indifference can be established by showing "grossly inadequate care" or "medical care which is so cursory as to amount to no treatment at all," allegations of negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999) (quotation marks omitted).

---

[2]We review de novo a dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim and apply the same standards used in reviewing a dismissal under Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

5

Furthermore, "a simple difference in medical opinion between the prison's medical staff and the inmate" regarding the course of treatment does not state an Eighth Amendment claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, Coney's complaint alleged at most medical malpractice and not deliberate indifference. Coney's own allegations establish that he was monitored by prison medical staff regularly, was referred to specialists, received three surgeries and was prescribed pain medications and antibiotics. Coney's claim rests on his difference of opinion with the prison medical staff over the course of his treatment, which does not rise to the level of an Eighth Amendment violation.

Coney also argues that the district court's refusal to allow him to amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a), was an abuse of discretion and a violation of due process.[3] Pursuant to Rule 15(a), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Prisoners are afforded "the same benefit of Rule 15(a) as any other litigant." Brown, 387 F.3d at 1348. The district court, however, need not allow a prisoner to amend his complaint prior to

---

[3]We review the district court's decision regarding a motion to amend a complaint for an abuse of discretion. Baez v. Banc One Leasing Corp., 348 F.3d 972, 973 (11th Cir. 2003).

dismissing it under § 1915(e)(2)(B)(ii) if the prisoner has failed either to attach a copy of the proposed amendment or to give the court some indication about what the substance of his proposed amendment would be. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

In his objections to the R&R, Coney asked for leave to amend his complaint, but failed to present any reasons for an amendment. In fact, Coney argued that his complaint was sufficient as drafted. Furthermore, Coney failed to attach a proposed amended complaint or to give to the district court an indication of the substance of his proposed amendment. Accordingly, we cannot say the district court abused its discretion when it dismissed Coney's complaint without first allowing him to amend.

**AFFIRMED.**