[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10062

Non-Argument Calendar

_____

JOSEPH NORMAN BROWN, III,
Individually, and on behalf of others similarly
situated,

                                        Plaintiff-Appellant,

*versus*

WAYNE IVEY,
Sheriff, in his individual and official capacity,
MIKE DEMORAT,
Chief Deputy Sheriff, in his individual and official
capacity,
JANE DOE,
Law Library Clerk,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-02158-WWB-EJK

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Joseph Brown sued several prison officials under 42 U.S.C. § 1983 for violating his constitutional rights while he was held in pretrial detention in Brevard County, Florida.  The district court dismissed his complaint without prejudice because he failed to state a claim upon which relief could be granted.  We affirm.

I

Brown alleged that prison officials "hinder[ed]" his "ability to pursue non frivolous legal claims" by "limiting the amount of legal material an inmate can obtain."  Pl.'s Compl. at 12–13.  The district court screened Brown's complaint, *see* 28 U.S.C. § 1915A(a), and *sua sponte* dismissed it because Brown failed to allege that he had suffered an actual injury, *see* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if

the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").[1]

Brown appeals that dismissal, contending that it was error for the court to dismiss his complaint without granting him the opportunity to amend. We affirm because (1) the district court did not err in determining that Brown's complaint failed to plead facts sufficient to state a claim for relief, and (2) the court didn't abuse its discretion in dismissing the complaint without prejudice rather than affording Brown the opportunity to amend.

## II

To allege facts sufficient to state a claim, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] To state a § 1983 claim arising from the denial of meaningful access to the courts, an inmate must assert "an actual injury," by demonstrating that his "efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance

---

[1] The district court initially did not specify whether the dismissal was with or without prejudice. But when it denied Brown's motion for reconsideration, it confirmed that its earlier dismissal was without prejudice.

[2] We review "[a] district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) . . . *de novo*, viewing the allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

4                  Opinion of the Court                  21-10062

program or by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).

Brown acknowledges that he did not assert "an actual injury" necessary to state a claim.  In fact, he candidly admits that his complaint "stated only mere generalized injuries and did not specify those injuries."  Appellant's Br. at 15.  Therefore, as Brown concedes, the district court correctly concluded that the complaint failed to state a claim upon which relief can be granted.

Rather than challenging the bottom-line conclusion that his complaint was deficient, Brown instead contends that the district court should have afforded him an opportunity to amend his complaint to cure those deficiencies.  We review the district court's *sua sponte* decision to dismiss—rather than instructing the plaintiff to amend his complaint—for abuse of discretion.  *Cf. Baez v. Banc One Leasing Corp.*, 348 F.3d 972, 973 (11th Cir. 2003) (per curiam) ("We review for abuse of discretion the district court's decision to deny the motion for leave to file an amended complaint.").

"[B]efore the district court dismisses [an] action *with preju-dice*"—and "where a more carefully drafted complaint might state a claim"—it "*must*" afford "a *pro se* plaintiff . . . at least one chance to amend the complaint." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (cleaned up) (emphasis added). And a court might face a similar obligation "where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation." *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (stating that when the statute of

limitations is likely to preclude further litigation, "the standard of review of the District Court's [nonprejudicial] dismissal should be the same as is used when reviewing a dismissal with prejudice").

Neither of those circumstances is present here. As stated above, the dismissal was without prejudice. And the applicable statute of limitations—which, for a § 1983 claim brought in Florida, is four years, *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)—does not "probably bar[] further litigation," *Boazman*, 537 F.2d at 213. The earliest possible date that Brown's cause of action accrued is January 3, 2019—the date his incarceration began. That gives him until at least January 3, 2023 to re-file his complaint.

Accordingly, the district court's *sua sponte* dismissal—which was without prejudice, and which leaves Brown ample time to re-file his claim—was not an abuse of discretion.

**AFFIRMED.**