A92A2152. CROOK v. GEORGIA FARM BUREAU MUTUAL
INSURANCE COMPANY.
A92A2153. MORGAN et al. v. GEORGIA FARM BUREAU
MUTUAL INSURANCE COMPANY.
(428 SE2d 802)

CARLEY, Presiding Judge.

Seeking to recover for the death of their son, Mr. and Mrs. Jeffery Morgan brought suit against Mr. Michael Crook. Crook is afforded liability coverage under a homeowner's policy issued by Georgia Farm Bureau Mutual Insurance Company (Insurer). Under the policy, the Insurer was obligated to defend Crook in a suit to recover damages for personal injury that was "caused by an *occurrence.* . . ." (Emphasis in original.) The policy defines "occurrence" as "an accident," but "accident" is not otherwise defined. Having undertaken the defense of the Morgans' tort action pursuant to a reservation of rights, the Insurer initiated the instant declaratory judgment action and sought a declaration that Crook was not afforded coverage under the policy. After discovery, the Insurer moved for summary judgment. The trial court granted the Insurer's motion and the Morgans and Crook filed separate notices of appeal. The two appeals are hereby consolidated for appellate disposition in this single opinion.

In effect, the Insurer urges that there is no coverage because Crook was a mere bystander while the Morgans' son committed acts which resulted in his own death. The death of the Morgans' son may indeed have been the sole proximate result of his own voluntary acts, from the fatal consequence of which acts Crook owed no legal duty to rescue him. See *Handiboe v. McCarthy,* 114 Ga. App. 541, 543 (4) (151 SE2d 905) (1966). However, the issue of Crook's *ultimate* liability for the death is obviously irrelevant to the instant question of whether the Insurer is obligated to defend him in the Morgans' underlying tort action. Crook's liability to the Morgans is an issue for resolution in the underlying tort action. The issue in the instant declaratory judgment action is the Insurer's contractual liability to Crook. The Insurer has contracted to defend Crook *against* liability for personal injury claims which were the result of an "accident," "even if the suit is groundless, false or fraudulent." For purposes of construing this insurance policy, " '[a]ccident' means an event which takes place without one's foresight or expectation or design." OCGA § 1-3-3 (2). Compare *Tolbert v. Duckworth,* 262 Ga. 622 (423 SE2d 229) (1992) (discussing and discarding "legal accident" as a viable tort defense). In the underlying tort action, there are no allegations that

Crook intentionally caused the death with "foresight or expectation or design." Indeed, the undisputed evidence of record shows that the death occurred entirely without Crook's intentional "foresight or expectation or design." Accordingly, insofar as Crook, in his capacity as an insured, is concerned, the death of the Morgans' son was clearly an "accident," because it was an unintentional event which took place without his "foresight or expectation or design."

That the Morgans' son may have caused his own death is obviously not a ground for the Insurer's present refusal to defend Crook in the underlying tort action. Crook could assert a defense in the underlying tort action that, contrary to the allegations of Morgans' complaint, the death was not an event for which Crook was legally answerable and that the underlying tort action is, therefore, "groundless." The policy contractually obligates the Insurer to assert such a defense on Crook's behalf, because the underlying tort action seeks to impose liability for an unintentional death which took place without Crook's "foresight or expectation or design." It follows that the trial court erred in granting the Insurer's motion for summary judgment. The viability of any defense to Crook's liability is a matter for resolution in the underlying tort action, but there is no basis for holding that Crook, rather than the Insurer, is responsible for mounting that defense.

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 5, 1993 — 

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes,* for appellant (case no. A92A2152).

*Jett & Liss, Joel I. Liss,* for appellants (case no. A92A2153).

*Fain, Major & Wiley, G. Keith Richardson,* for appellee.