A93A0264. WINTERS v. RELIANCE STANDARD LIFE
INSURANCE COMPANY.
(433 SE2d 363)

SMITH, Judge.

Appellant-plaintiff's wife was insured pursuant to a group accident and life insurance policy issued by Reliance Standard Life Insurance Company (Reliance), and Mr. Winters was her designated beneficiary. When Mrs. Winters died, Reliance refused to pay benefits under the policy, and Mr. Winters brought the instant contract action. After discovery, cross-motions for summary judgment were filed. Mr. Winters appeals from the order of the trial court granting Reliance's motion for summary judgment and denying his.

1. The policy "insures against certain losses. . . . These *losses must result* directly and independently of all other causes *from bodily injury caused by accident* which occurs while this policy is in force." (Emphasis supplied.) Among the specified exclusions were losses caused by intentionally self-inflicted injuries or by suicide. According to the death certificate, the clinical cause of death was circulatory failure due to intoxication. At the time of her death, Mrs. Winters's blood alcohol level was .49 grams percent.

The question for determination is whether the policy language affording coverage for "bodily injury . . . caused by accident" requires proof of injury caused by "accidental means" or whether coverage is afforded to an "accidental injury." After an extensive review of the authorities, we hold that the trial court correctly interpreted the lan-

guage of this policy to require a showing that the loss was the unexpected result of an unforeseen or unexpected act which was involuntarily or unintentionally done, i.e., that the injury resulted from "accidental means."

In Georgia, there is "a very definite distinction between 'accidental injuries' and 'injuries resulting from accidental means.' Where an injury is unexpected but arises from a voluntary action it is an 'accidental injury,' but for an injury to result from accidental means, it must be the unexpected result of an *unforeseen* or *unexpected* act which was *involuntarily* and *unintentionally* done. [Cits.]" (Emphasis supplied.) *Johnson v. Nat. Life &c. Ins. Co.*, 92 Ga. App. 818, 819 (1) (90 SE2d 36) (1955). "[T]he expression 'means' used in this [type of] policy clause is synonymous with 'cause.'" 1A Appleman, Insurance Law and Practice, § 363 (1981 ed.) "The term 'accidental means' refers to the occurrence or happening which produces the result, rather than the result; it is concerned with the cause of the harm rather than the character of the harm." 10 Couch on Insurance 2d § 41:29 rev. ed. (1982). Substantially similar language has been held to require a showing of death by "accidental means." *Continental Assurance Co. v. Rothell*, 227 Ga. 258 (181 SE2d 283) (1971). Other jurisdictions have also reached the determination that injury "caused by accident" is the equivalent of injury caused by "accidental means." See *Chelly v. Home Ins. Co.*, 285 A2d 810, 813 (Del. Super. 1971), aff'd 293 A2d 295 (Del. 1972). See also *Laney v. Continental Ins. Co.*, 757 F2d 1190 (11th Cir. 1985) (applying Georgia law).

2. "Where an accident policy insured against 'the effects of bodily injuries sustained directly, solely, and exclusively through accidental means,' resulting in the death of the insured, it was necessary, in an action thereon, to show that in the act which preceded the injury alleged to have caused [her] death something unforeseen, unexpected, or unusual occurred." *Fulton v. Metro. Cas. Ins. Co.*, 19 Ga. App. 127 (2) (91 SE 228) (1917). The policy language at issue, insuring against losses resulting from "bodily injury *caused by accident*," insures against unforeseen injuries caused by "accidental means." It must appear " 'that the insured's death arose by means used which were accidental. "Where an *unusual or unexpected result* occurs, by reason of the doing of an intentional act, *with no mischance, slip, or mishap* occurring in doing the act itself, the ensuing injury or death is *not* caused by accidental means." [Cit.]' " (Emphasis supplied.) *Jackson v. Nat. Life &c. Ins. Co.*, 130 Ga. App. 208, 209 (202 SE2d 711) (1973). The undisputed evidence in the trial court showed that the decedent's intake of a lethal amount of ethyl alcohol was voluntary and intentional. Appellee submitted unrebutted evidence that the foreseeable result of such intake was injury or death. There is no evidence of "mischance, slip, or mishap" to bring the intentional act of

imbibing within the reach of the policy language requiring unforeseen loss caused by accidental means. Compare *Interstate Life &c. Ins. Co. v. Brown*, 141 Ga. App. 195 (1) (233 SE2d 44) (1977). The trial court correctly granted appellee's motion for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 23, 1993 —
RECONSIDERATION DENIED JULY 9, 1993 — 

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Thomas J. Mahoney III*, for appellant.

*Miller, Simpson & Tatum, John M. Tatum, Robert A. Lewallen, Jr.*, for appellee.