## S02Q1307. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY v. HALLUM.
### (576 SE2d 849)

FLETCHER, Chief Justice.

Alton Hallum, Jr. suffers from carpal tunnel syndrome. Provident Life and Accident Insurance Company issued Hallum a disability insurance policy that provided greater coverage for disabilities arising from injuries than those caused by sickness. Hallum sued Provident Life after it refused to categorize the cause of his condition as an injury. The United States Court of Appeals for the Eleventh Circuit certified to this Court the question of whether, under Georgia law, carpal tunnel syndrome caused by repetitive hand motion should be classified as an injury or a sickness, as those terms are used in the policy. We conclude that, under Georgia law, a person who unexpectedly suffers from carpal tunnel syndrome brought on by years of voluntary repetitive hand movements that renders him disabled has suffered an "injury," as that term is defined in this Provident Life insurance policy.

Hallum is a retired physician, who specialized for thirty years in obstetrics and gynecology. The Provident Life insurance policy covered disabilities due to injuries or sickness that rendered Hallum unable to practice his occupation. The parties agree that Hallum's carpal tunnel syndrome has made him incapable of continuing his medical practice, but because of Hallum's age when he claimed total disability, the duration of his coverage depends on whether his disability is due to an injury or a sickness. If the former, then Hallum is entitled to lifetime coverage. If the latter, then Hallum's benefits last four years. Both parties agree that there is no default designation for a total disability. Therefore, the insured must show that his disability is due to either a sickness or an injury before he receives any coverage at all.

The policy defines injuries to mean "accidental bodily injuries occurring while your policy is in force." Sickness is defined as "sickness or disease which is first manifested while your policy is in force." The evidence in the record demonstrates that Hallum does not have, and has not had, any of the diseases generally associated with carpal tunnel syndrome. Rather, the record shows that his condition was caused by thirty years of performing the hand motions required by his obstetrics/gynecological practice, hence the Eleventh Circuit's focus on carpal tunnel syndrome caused by repetitive hand motions.

Georgia law distinguishes between insurance coverage for accidental injuries and coverage for injuries caused by accidental means.[1]

---

[1] *Winters v. Reliance Standard Life Ins. Co.*, 209 Ga. App. 369, 370 (433 SE2d 363) (1993); *Jackson v. National Life & Accident Ins. Co.*, 130 Ga. App. 208, 209 (202 SE2d 711)

An accidental injury is an injury that is unexpected but may arise from a conscious voluntary act.[2] In contrast, an injury from accidental means is one that is the unexpected result of an unforeseen or unexpected act that was involuntarily or unintentionally done.[3] For example, in *Winters v. Reliance Standard Life Insurance Company*,[4] the insured died from voluntarily ingesting too much alcohol; her blood alcohol level was .49 grams percent at the time of death. The insurance policy covered "bodily injury . . . caused by accident," which the court of appeals found insured against death by accidental means, not accidental results. Although the insured's death may have been an unexpected result, the court of appeals held that the acts that caused her death were voluntary and intentional, and her policy therefore did not cover her death.

In contrast to the policy in *Winters*, the insurance contract here uses the words "accidental bodily injuries," which, in the context of this policy, means a bodily injury that was unexpected, but could have arisen from a conscious or voluntary act. By using "accidental" to modify "bodily injuries," as opposed to modifying the cause or means of any injuries, the Provident Life policy places the focus of the coverage on the injuries, not the means that caused the injury. Accordingly, an unexpected physical injury that disables the insured is covered as an "injury" under this policy.

Provident Life contends that the word "accidental" in the phrase "accidental bodily injuries" means that any bodily injury must have resulted from a discrete event that occurred at a certain time and place.[5] According to Provident Life, because Hallum cannot identify a specific incident that resulted in his condition, his disability is not due to an injury, at least as that term is used in this insurance contract. Provident Life's reading of "accidental bodily injuries" to require a specific event is unsupported by the terms of the policy and Georgia law.

First, as explained above, the modifier "accidental" places the focus on the result and not the cause or means of the result. Second, the terms of the policy specifically contemplate that a disability could be the result of more than one injury or sickness or a combination of the two: "The fact that a disability is caused by more than one Injury or Sickness or from both will not matter. We will pay benefits for the

---

(1973); *Johnson v. National Life & Accident Ins. Co.*, 92 Ga. App. 818, 819 (90 SE2d 36) (1955); see also *Laney v. Continental Ins. Co.*, 757 F.2d 1190, 1191 (11th Cir. 1985).

  [2] *Winters*, 209 Ga. App. at 370.
  [3] Id.
  [4] 209 Ga. App. 369.
  [5] See *Nehra v. Provident Life & Accident Ins. Co.*, 559 N.W.2d 48 (Mich. 1997) (holding that implicit in the term "accidental bodily injuries" is the concept that the injuries arose from a discrete event).

disability which provides the greater benefit." A person could suffer a series of small traumas over an extended period that ultimately resulted in a bodily injury that was disabling. Under those circumstances, the disability would be due to an unexpected bodily injury that occurred during the policy period that was not the result of a single event. We conclude that this policy covers bodily injuries that resulted from a series of actions over an extended period, as well as those that were caused by a single cataclysmic event.

Accordingly, we answer the Eleventh Circuit's question as follows: Under Georgia law, a person who unexpectedly suffers from carpal tunnel syndrome brought on by years of intentional repetitive hand motions that renders him disabled has suffered an "injury," as that term is defined in this Provident Life insurance policy. Whether that legal standard is met as a matter of law in this case requires application of the federal rules governing summary judgment, which is a determination best made by the federal court.

*Question answered. All the Justices concur.*

DECIDED JANUARY 27, 2003.

*Carter & Ansley, H. Sanders Carter, Jr., Andrea K. Cataland,* for appellant.

*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, Ramsey Kazem,* for appellee.