[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2003
THOMAS K. KAHN
CLERK

No. 01-15180

D.C. Docket No. 00-01159-CV-CAP-1

ALTON V. HALLUM, JR.,

Plaintiff-Appellee,

versus

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(April 14, 2003)**

Before BLACK and HULL, Circuit Judges, and LAZZARA\*, District Judge.

PER CURIAM:

---

\* Honorable Richard A. Lazzara, United. States District Judge for the Middle District of Florida, sitting by designation.

In <u>Hallum v. Provident Life and Accident Insurance Co.</u>, 289 F. 3d 1350 (11th Cir. 2002), we certified the following question to the Georgia Supreme Court:

> WHETHER, UNDER GEORGIA LAW, CARPAL TUNNEL SYNDROME, WHICH IS CAUSED BY REPETITIVE HAND MOTION, IS MORE PROPERLY CLASSIFIED AS AN "INJURY" UNDER THE PROVISIONS OF A DISABILITY INCOME INSURANCE POLICY WHICH DEFINE AN "INJURY" TO MEAN "ACCIDENTAL BODILY INJURIES OCCURRING WHILE YOUR POLICY IS IN FORCE," OR WHETHER CARPAL TUNNEL SYNDROME IS MORE PROPERLY CLASSIFIED AS A "SICKNESS" UNDER THE PROVISIONS OF THE SAME POLICY WHICH DEFINE "SICKNESS" TO MEAN "SICKNESS OR DISEASE WHICH IS FIRST MANIFESTED WHILE YOUR POLICY IS IN EFFECT?"

<u>Id.</u> at 1354.

The Georgia Supreme Court, after a thorough review of our certified question, provided the following answer: "Under Georgia law, a person who unexpectedly suffers from carpal tunnel syndrome brought on by years of intentional repetitive hand motions that renders him disabled has suffered an "injury," as that term is defined in this Provident Life insurance policy." <u>Provident Life and Insurance Co. v. Hallum</u>, ___ S. E. 2d ___ (Ga. 2003). The Georgia Supreme Court noted, however, that "[w]hether that legal standard is met

as a matter of law in this case requires application of the federal rules governing summary judgment, which is a determination best made by the federal court." Id.

Given our prior review of the record, we conclude that the district court acted in accord with this legal standard in granting summary judgment in favor of Hallum under the "Injuries" provision of the policy.[1]  As we observed in our earlier opinion, one of Hallum's treating physicians "definitively state[d] that Hallum's CTS was aggravated by his job[,]" and another treating physician testified that this condition "was due to a repetitive motion disorder caused by [Hallum's] occupation . . . and that the condition developed over an extended period of time." Hallum, 289 F. 3d at 1353.  A third treating physician provided additional testimony that "given a patient with Hallum's medical and occupational history, he believed that CTS would be due to significant hand activity, such as surgery, over an extended period of time." Id.  We also observed that "Provident did not offer any medical testimony or other evidence to contradict the testimony of Hallum's treating physicians." Id.  We finally note that on appeal Provident has never questioned whether Hallum's CTS rendered him disabled within the

---

[1]  We, of course, review the district court's grant of summary judgment *de novo*, applying the same familiar standards as the district court. See, e.g., Walker v. Prudential Prop. & Cas. Ins. Co., 286 F. 3d 1270, 1274 (11th Cir. 2002).

meaning of the policy, but only whether Hallum's CTS was caused by a sickness or an injury as defined by the policy.

Accordingly, because we conclude that the record conclusively establishes no genuine issue as to the material fact that Hallum's unexpected disabling carpal tunnel syndrome was caused by years of intentional repetitive hand motions in connection with his surgical profession, the district court was correct in determining that Hallum suffered an "injury" under the terms of Provident's insurance policy. We, therefore, affirm the district court's grant of summary judgment in favor of Hallum.[2]

AFFIRMED.

---

[2] Given our affirmance, we, like the district court, need not address the issue of whether Hallum also was entitled to benefits under the presumptive total disability provision of the policy.