*Clifton, Smith & Ranck, Janney E. Sanders*, for appellee.

A08A2279. PERRY et al. v. STATE FARM FIRE AND CASUALTY
COMPANY.
A08A2280. BLACKWELL v. STATE FARM FIRE AND CASUALTY
COMPANY.
(676 SE2d 376)

RUFFIN, Presiding Judge.[1]

State Farm Fire and Casualty Company filed this declaratory judgment action against Richard Alan Blackwell, its homeowner's insurance policy holder, and against Tara M. Perry and Ron Perry, the plaintiffs in an underlying personal injury action against Blackwell. The trial court granted summary judgment to State Farm, finding that the policy did not cover the Perrys' claims. In Case No. A08A2279 and Case No. A08A2280, respectively, the Perrys and Blackwell appeal. We affirm in both cases for the reasons set forth below.

"On an appeal from a grant of summary judgment, we review the evidence de novo and view that evidence, and all reasonable conclusions and inferences drawn from it, in [a] light most favorable to the nonmovant."[2] A trial court properly grants summary judgment "when the record reveals that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[3]

In the underlying lawsuit, the Perrys alleged that Tara Perry, Blackwell and his wife, and another couple played board games at Blackwell's home. Tara Perry went to sleep on the couch, at which time she was fully clothed. Between midnight and six a.m., "Tara Perry was partially awakened when [Blackwell] was having sexual intercourse with her and placing his mouth on her vagina after [Blackwell] had removed some of her clothes." The Perrys further claimed that Blackwell took photographs of Tara Perry in various stages of undress. According to the complaint, Blackwell performed these acts without Tara Perry's consent. In addition to their original claims for battery, invasion of privacy, loss of consortium, and punitive damages, the Perrys amended their complaint to allege that

---

[1] The original opinion issued in these cases was authored by then-Presiding Judge John H. Ruffin, Jr., who retired from this Court on December 31, 2008. His successor, Judge Sara L. Doyle, authorized the substitution.

[2] (Punctuation omitted.) *Cincinnati Ins. Co. v. Magnolia Estates*, 286 Ga. App. 183, 184 (648 SE2d 498) (2007).

[3] Id.

due to Blackwell's voluntary intoxication and resulting impairment, he failed to take reasonable steps to ensure that Tara Perry consented to engage in the alleged acts, thus injuring her as a result of his negligent conduct.

After the Perrys filed their complaint, State Farm entered into an agreement with Blackwell to investigate and defend the underlying lawsuit without waiving its right to deny any obligation under the policy. During discovery, Blackwell deposed that he woke in the middle of the night, left the bedroom where he was sleeping with his wife, and went to find Tara Perry. Blackwell admitted that he subsequently performed oral sex on Tara Perry and then began to have intercourse with her, but stopped because he realized that he did not have a condom. According to Blackwell, "[n]ot a word" passed between the two, but he believed Tara Perry was participating in the sexual acts. Blackwell also testified that he had consumed alcohol that evening to the point of becoming intoxicated.

### Case No. A08A2280

1. Blackwell contends that the trial court erred in failing to conclude that State Farm had a duty to defend and indemnify him against the Perrys' negligence claim. We disagree.

> In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. If the language in the contract is unambiguous, we will enforce the policy as written. If, however, a provision is susceptible to more than one interpretation, we construe such provision against the insurer.[4]

Under its policy, State Farm is obligated to defend Blackwell for covered claims, even if those claims should ultimately prove to be without merit.[5] Nevertheless, there is a distinction "between groundless suits and actions which[ ] even if successful would not be within the policy coverage."[6] An uncovered claim "is not groundless within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend (though the insured may be liable)."[7]

Pretermitting whether the policy's exclusion provisions would otherwise preclude coverage,[8] "the initial consideration is whether

---

[4] (Punctuation and footnotes omitted.) Id. at 185.

[5] See *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39) (1979).

[6] (Punctuation omitted.) Id.

[7] (Punctuation omitted.) Id.

[8] Under the policy, excluded from liability coverage is a "bodily injury . . . (1) which is

the policy covered the incident in which [Tara Perry] suffered [her] injuries. To establish a prima facie case on a claim under a policy of insurance[,] the insured must show the occurrence was within the risk insured against."[9] The policy at issue here provides liability coverage for "a claim . . . for damages because of bodily injury . . . caused by an occurrence." An "occurrence" is defined as "an accident, including exposure to conditions, which results in: . . . bodily injury. . . ." Although "accident" is not a term defined in the policy, in this context "accident means an event which takes place without one's foresight or expectation or design."[10] "An accident refers to an unexpected happening rather than one occurring through intention or design. Acts could not be unexpected unless they were accidental."[11]

In view of the foregoing, the policy covers claims for bodily injury "caused by" an accidental occurrence, or injury by accidental means, but not an accidental injury.[12] "An accidental injury is an injury that is unexpected but may arise from a conscious voluntary act. In contrast, an injury from accidental means is one that is the unexpected result of an unforeseen or unexpected act that was involuntarily or unintentionally done."[13] Since Blackwell intended to perform, with foresight, expectation, and design, the specific acts which caused Tara Perry's alleged bodily injuries, "any possible damages arising out of [the sexual contact with Tara Perry] resulted from the intentional act of [Blackwell]."[14] Accordingly, Tara Perry's bodily injuries were not caused by an accidental occurrence for purposes of the policy.[15] It follows that the trial court correctly concluded that the policy did not provide coverage.

---

either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured."

[9] (Citations and punctuation omitted.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 420 (1) (454 SE2d 616) (1995).

[10] (Punctuation omitted.) *Crook v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 614 (428 SE2d 802) (1993).

[11] (Punctuation omitted.) *O'Dell v. St. Paul &c. Ins. Co.*, 223 Ga. App. 578, 580 (1) (478 SE2d 418) (1996).

[12] See *Winters v. Reliance Standard Life Ins. Co.*, 209 Ga. App. 369, 370 (2) (433 SE2d 363) (1993) (policy language insuring against losses resulting from "bodily injury caused by accident" insured against injury by accidental means).

[13] (Footnote omitted.) *Provident &c. Ins. Co. v. Hallum*, 276 Ga. 147, 148 (576 SE2d 849) (2003).

[14] *Ga. Farm &c. Ins. Co. v. Ray*, 148 Ga. App. 85, 86 (251 SE2d 34) (1978).

[15] See *Grayes*, supra at 421 (1) (although insured contended he shot his neighbors in self-defense, the shootings did not take place without the insured's foresight, expectation, or design, and therefore the injuries suffered by the neighbors were not accidental and so not covered by the policy); *Winters*, supra ("[w]here an *unusual or unexpected result* occurs, by reason of the doing of an intentional act, *with no mischance, slip, or mishap* occurring in doing the act itself, the ensuing injury or death is *not* caused by accidental means") (punctuation omitted; emphasis in original). Compare *Roe v. State Farm Fire &c. Co.*, 259 Ga. 42, n. 1 (376

2. Blackwell also contends that the trial court erred in finding State Farm is entitled to judgment as a matter of law because a question of fact remains concerning Blackwell's intoxication and his inability to form the requisite intent to injure for purposes of the policy's "intentional" or "expected" exclusion. Again, we disagree.

As we found in Division 1 above, we need not reach the policy's exclusion provisions in order to determine that Tara Perry's alleged injuries were not caused by an accidental occurrence and that the policy therefore did not provide coverage. To the extent Blackwell contends that a material issue of fact remains as to his intent to perform the alleged acts, the evidence does not support a conclusion that Blackwell was "so intoxicated as to be unable to know, understand and intend to do the act."[16] In contrast to the deceased gunman in *State Farm Fire &c. Co. v. Morgan*,[17] who could not testify as to his intent, Blackwell deposed that after drinking to the point of intoxication, he went to sleep and then arose and went downstairs with the specific intent to initiate sexual contact with Tara Perry. If "testimony contains admissions . . . [of] an intention to commit the act in question, it will suffice to support summary judgment on the issue of coverage. . . ."[18]

### Case No. A08A2279

3. The Perrys contend that the trial court erred in finding as a matter of law that Blackwell's acts against Tara Perry were intentional and wilful and therefore do not meet the definition of a covered "occurrence" under the homeowner's policy. For the reasons set forth in Divisions 1 and 2, we find the Perrys' claim has no merit.[19]

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 22, 2008 —
RECONSIDERATION DENIED MARCH 26, 2009.

---

SE2d 876) (1989) (analysis based on insurer's sole reliance on the policy's exclusion clause, not on whether there was an absence of coverage); *Cincinnati Ins. Co.*, supra at 185 (intentional act performed by a third party and so unexpected from the standpoint of the insured); *Southern Guaranty Ins. Co. v. Saxon*, 190 Ga. App. 652, 653 (379 SE2d 577) (1989) (insured did not intend to drive into the ditch that caused his car to overturn).

[16] *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 379 (1) (364 SE2d 62) (1987).

[17] Id.

[18] *Merritt v. State Farm Fire &c. Co.*, 218 Ga. App. 652, 656 (463 SE2d 42) (1995). See also *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 882 (4) (285 SE2d 566) (1981).

[19] Preterminting whether, as alleged by the Perrys, the trial court erred in describing their negligence claim as unsupported by the facts, the grant of summary judgment to State Farm must be affirmed if right for any reason. See *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994).

*Deitch & Rogers, Andrew T. Rogers*, for appellant (case no. A08A2279).

*Chandler, Britt, Jay & Beck, John H. Zwald*, for appellant (case no. A08A2280).

*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., Stacey K. Hydick*, for appellee.