[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14097
Non-Argument Calendar
_____

D.C. Docket No. 08-02426-CV-GET-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2010
JOHN LEY
CLERK

STATE FARM FIRE & CASUALTY COMPANY,

Plaintiff-Counter-Defendant-
Appellee,

versus

DINER CONCEPTS, INC., et al.,

Defendants-Counter-Claimants,

MICHAEL D. NAUGHTON, Trustee for the
Brian Naughton Insurance Trust No. 1,

Defendant-Counter-Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 22, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Blair-Naughton LLC ("Blair-Naughton") won a judgment against David Bernstein, Diner Concepts, Inc., and DinerMite Diners (collectively, "the Bernstein Defendants") in district court in Kansas. On August 11, 2008, the jury in that case found that the Bernstein Defendants breached a sales contract with Blair-Naughton and breached an express warranty of freedom from defect when the Bernstein Defendants delivered to Blair-Naughton a diner that suffered from multiple construction defects. The jury found that Blair-Naughton suffered economic injury on both claims, but the court awarded Blair-Naughton $900,000 on the breach of warranty claim only (so as to avoid double recovery). The jury also found that Diner Concepts is the alter ego of David Bernstein and DinerMite Diners.

The Bernstein Defendants had an insurance policy (the "Policy") with State Farm Fire and Casualty Company ("State Farm"). The business liability coverage in the Policy says State Farm "will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies." (RE 5 at 20.) With regard to property damage, the Policy states that it applies only to that damage "caused by an occurrence which takes place in the coverage territory during the policy period." (*Id.*) And, the Policy defines such an occurrence as "an accident,

2

including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage[.]" (*Id.* at 32.)

In response to an October 10, 2007 letter from the Bernstein Defendants' attorney to State Farm informing the insurance company of the lawsuit brought by Blair-Naughton and seeking coverage, State Farm provided the Bernstein Defendants with a defense. However, on November 2, 2007, State Farm sent David Bernstein a letter that stated, "We wish to call your attention to the fact that we specifically reserve our right to deny defense or indemnity to you, Diner-Mite Diners, Inc[.] and Diner Concepts, Inc[.]. . . ." (RE 6.) And, State Farm reiterated the point, as to each of the Bernstein Defendants, in a November 15, 2007 letter also sent to David Bernstein. (RE 7.)

The month before the case in Kansas went to trial, State Farm filed this declaratory judgment action against the Bernstein Defendants and Blair-Naughton[1] in the Northern District of Georgia seeking a declaration that the Policy does not provide coverage for the liability alleged (and later reduced to judgment) in the Kansas lawsuit. The district court granted summary judgment to State Farm, finding that there was no "occurrence" as defined in the Policy, and therefore no coverage for

---

[1]Michael D. Naughton, acting as trustee for the Brian Naughton Insurance Trust No. 1 ("Appellant"), was substituted for Blair-Naughton as a defendant in the declaratory judgment action. Appellant is the successor in interest to Blair-Naughton.

the judgment against the Bernstein Defendants. (RE 180 at 9-11.) The district court also found that State Farm had not waived its coverage defenses as to DinerMite. (*Id.* at 11.) Michael D. Naughton, acting as trustee for the Brian Naughton Insurance Trust No. 1, appeals the judgment.[2]

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

We find no error in the district court's determination that the Policy does not provide coverage for the judgment against the Bernstein Defendants in the Kansas case. The Policy unambiguously covers liability for property damage that is "caused by an occurrence." (RE 5 at 20.) An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage." (*Id.* at 32.) The

---

[2]Though Appellant is not insured by the Policy, it appears that the Policy gives Appellant the right to litigate coverage of the Policy (RE 5 at 29), and State Farm does not argue otherwise.

breaches of contract and warranty proven in the Kansas case are not accidents. *See*

*Custom Planning & Dev., Inc. v. Am. Nat'l Fire Ins. Co.*, 606 S.E.2d 39, 41 (Ga. App.

2004) (interpreting the same language and holding that breaches of warranty and

contract that do not include negligence are not accidental and, therefore, not

occurrences under the insurance policy). Georgia law is clear that accidental causes

are unintended acts and are different from unintended injuries resulting from

intentional acts. *See Owners Ins. Co. v. James*, 295 F. Supp. 2d 1354, 1364 (N.D. Ga.

2003) (citing *Provident Life & Accident Ins. Co. v. Hallum*, 576 S.E. 2d 849, 851 (Ga.

2003)); *see also Perry v. State Farm Fire & Cas. Co.*, 676 S.E. 2d 376, 378 (Ga. App.

2008) ("An accidental injury is an injury that is unexpected but may arise from a

conscious voluntary act. In contrast, an injury from accidental means is one that is

the unexpected result of an unforeseen or unexpected act that was involuntarily or

unintentionally done." ) (quotation and citation omitted).

The parties do not dispute that the property damage in this case was caused by

a knowing and intentional act–delivery by the Bernstein Defendants of a diner built

to one set of building plans when the foundation on which that diner was installed

had already been poured to accommodate a diner to be constructed according to

different building plans. Therefore, there was no accidental cause and no occurrence;

and, there is no coverage. And, for the reasons stated by the district court, we find

Appellant's argument that State Farm waived its coverage defenses as to DinerMite meritless. Therefore, the district court properly granted State Farm summary judgment on its declaratory judgment claim.

Finally, because a plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists, *see* O.C.G.A. § 33-4-6, State Farm was entitled to summary judgment in Appellant's counterclaim also.

AFFIRMED.