## A10A0935. RUCKER et al. v. COLUMBIA NATIONAL INSURANCE COMPANY.
## A10A0936. AMERICAN HOME SHIELD CORPORATION v. COLUMBIA NATIONAL INSURANCE COMPANY.
### (705 SE2d 270)

PHIPPS, Presiding Judge.

Columbia National Insurance Company brought a declaratory judgment action to determine its obligations, pursuant to a business owner's liability insurance policy, to defend or indemnify parties in a wrongful death and personal injury ("wrongful death") action. Columbia moved for summary judgment in the declaratory action, which the trial court granted, finding that Columbia had no duty to defend or indemnify parties in the wrongful death action. In Case No. A10A0935, the plaintiff in the wrongful death action appeals from the grant of Columbia's motion for summary judgment in the declaratory action. In Case No. A10A0936, one of the defendants in the wrongful death action appeals from the grant of Columbia's summary judgment motion in the declaratory action. For the reasons that follow, we affirm the judgments in both cases.

According to the underlying complaint,[1] in July 2006, Anthony and Rhonda Rucker contracted with American Home Shield Corporation ("AHS") for the latter to service or replace appliances in their home. Pursuant to this contract, Jeffery Taylor d/b/a Pro Tech Appliance Service ("Taylor"), an AHS service contractor, was retained to perform appliance repair work at the Rucker home. In September 2006, one of Taylor's trainees, Leon Phillips, Jr., entered the Rucker home "under color of employment with" Taylor. While there, Phillips assaulted and killed Rhonda Rucker and assaulted and kidnapped her son. Taylor had hired Phillips without having conducted a criminal background check; such an investigation would have revealed a history of violent crime. The record shows that in 1988, Phillips had pleaded guilty to armed robbery and aggravated assault with intent to rape.

In August 2008, Anthony Rucker and Sarah Farmer, as guardian of Rhonda Rucker's son (collectively, Rucker), filed an action for

---

[1] See *Scott v. Govt. Employees Ins. Co.*, 305 Ga. App. 153, 155 (1) (700 SE2d 198) (2010) (an insurer's duty to defend turns on the language of the contract and the allegations of the complaint; courts look to allegations of complaint to determine whether a claim covered by the policy is asserted).

wrongful death against Phillips, Taylor and AHS. Rucker alleged, inter alia, that Taylor was liable because he had hired and retained Phillips without having made any inquiry into Phillips's criminal background. Rucker alleged, among other things, that AHS was liable because it had breached its contract with him by failing to screen and monitor service technicians.

Taylor maintained a Contractor's Business Owners Policy with Columbia, which provided that Columbia would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies," and that Columbia would "have the right and duty to defend the insured against any 'suit' seeking those damages." It further provided that the insurance applied to bodily injury only if the bodily injury was caused by an "occurrence." The policy defined occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy stated that "insured" included any person or organization for whom the named insured was performing operations, and that such person or organization was an additional insured only with respect to liability arising out of the insured's ongoing operations performed for that insured. AHS did not have an insurance policy with Columbia, but claimed to be an additional insured pursuant to the terms of Taylor's policy.

In February 2009, Columbia brought a declaratory judgment action asking the court to declare that it had no duty to defend or indemnify Taylor or AHS because the injury of which Rucker complained in the wrongful death lawsuit resulted not from an "occurrence" within the meaning of the policy, but from the intentional, criminal acts of Phillips, and also because the injury came within a policy provision excluding coverage for bodily injury "expected or intended from the standpoint of the insured." The trial court granted Columbia's motion for summary judgment in the declaratory action.

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] On appeal from the grant of summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant.[3]

---

[2] *Allstate Ins. Co. v. Neal*, 304 Ga. App. 267 (696 SE2d 103) (2010).
[3] Id.

446

## Case No. A10A0935

1. Rucker contends that the trial court erred in granting summary judgment to Columbia based on its determinations that the crimes committed by Phillips did not constitute an "occurrence" as defined by the policy and that the injury came within the policy's exclusion for "expected or intended" injury. Rucker concedes in his brief that Phillips's actions "were intentional and do not constitute an 'accident' under Columbia's policy." Rather, Rucker asserts that the occurrence underlying his claim was an action of Taylor — his failure to abide by his agreement with AHS to perform a criminal background check of his prospective employee.

(a) We find no merit in Columbia's contention that this argument is not properly before us because Rucker did not raise it below. The Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act.[4] Rucker alleged in his complaint, among other things, that Taylor hired Phillips without having made any inquiry into his criminal background, that Taylor breached his duty of ordinary care by hiring or retaining Phillips in light of his criminal background, that AHS had represented to the Ruckers that its service technicians were pre-screened, insured and regularly monitored, that AHS had breached its contract with the Ruckers by failing to monitor and screen Taylor and Phillips and that had AHS performed its contractual responsibilities it would have known that Phillips was dangerous and that Taylor was not properly monitoring or screening prospective employees.

Further, in his motion for summary judgment, Rucker argued that his claim against Taylor arose not out of the intentional acts of Phillips, but out of Taylor's negligent hiring and retention of Phillips and his failure to follow his own policies with respect to performing criminal background checks. Rucker included with his motion a copy of an AHS document which Taylor had signed verifying that he had completed background checks on his current employees and agreeing to obtain background checks on all prospective employees. And at the hearing on the motion for summary judgment Rucker argued that, notwithstanding that agreement, Taylor had failed to perform a background check on Phillips. Rucker again asserted that the intentional acts of Phillips were not the basis of his claim against Taylor, but his claim arose "from his failure to conduct a background check upon Phillips as required in Taylor's written agreement with

---

[4] *Mohawk Indus. v. Clark*, 259 Ga. App. 26, 27 (576 SE2d 16) (2002).

[AHS] and, by extension, with the Ruckers."

The argument was raised below. And it was ruled upon when the trial court granted summary judgment to Columbia after determining that the claim did not constitute an occurrence and, furthermore, that it came within a policy exclusion. Accordingly, the issue is properly before us.

(b) In Georgia,

> the parties to an insurance policy are bound by its plain and unambiguous terms. Although the provisions of an insurance policy will be construed against the insurer when a part is susceptible of two constructions and a court will adopt that interpretation which is most favorable to the insured, if the language is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written. Interpretation of policy provisions which are plain and definite is a matter of law for the trial court, and a policy provision is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties.[5]

The policy here was not ambiguous. As stated above, the policy defined occurrence as an accident. While it did not define accident, in Georgia "accident" is defined as an event which takes place without one's foresight, expectation or design.[6] In an insurance policy, an accident is an unexpected happening rather than one occurring through intention or design.[7] The question of whether an event took place without one's foresight, expectation or design must be asked from the viewpoint of the insured.[8] To establish a prima facie case on a claim under a policy of insurance, the insured must show the occurrence was within the risk insured against.[9]

Rucker argues that Taylor's act of not performing a background check on Phillips was a negligent act, and that a negligent act can constitute an occurrence or accident under a liability insurance

---

[5] *QBE Ins. Co. v. Couch Pipeline &c.*, 303 Ga. App. 196, 198 (1) (692 SE2d 795) (2010) (citation omitted).

[6] *Nationwide &c. Ins. Co. v. Somers*, 264 Ga. App. 421, 426 (3) (a) (591 SE2d 430) (2003); *QBE Ins. Co.*, supra at 198-199.

[7] *Custom Planning &c. v. American &c. Ins. Co.*, 270 Ga. App. 8, 9-10 (1) (606 SE2d 39) (2004).

[8] See *Cincinnati Ins. Co. v. Magnolia Estates*, 286 Ga. App. 183, 185 (648 SE2d 498) (2007); *Crook v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 614-615 (428 SE2d 802) (1993).

[9] *Perry v. State Farm Fire &c. Co.*, 297 Ga. App. 9, 11 (1) (676 SE2d 376) (2008).

policy.[10] During discovery, Taylor deposed that Phillips was not an employee, but a trainee. Taylor trained people to become technicians and he conducted criminal background checks on them only if they had progressed to the point where he thought he would hire them. Taylor stated that he never performed criminal background checks on trainees because he was not sure if they were going to be interested in the work or if they were going to "get it." Because Taylor intended to forego conducting a background check on Phillips, the omission was an event that took place *with* Taylor's foresight, expectation or design.[11] The event upon which Rucker's claim was based was therefore not a covered occurrence.[12] The bodily injury was not caused by an occurrence (accident) and was not within the risk insured against.[13] Accordingly, the policy did not provide coverage for the claim asserted, and the trial court did not err in determining that Columbia had no duty to defend or indemnify Taylor.[14]

(c) Because there was no covered occurrence under the policy, we need not consider the applicability of any policy exclusions.[15]

2. Rucker contends that the trial court abused its discretion by entering an order the day after hearing oral arguments on the summary judgment motion when it had agreed to leave the record open for ten days to allow the filing of supplemental briefs. Rucker has not indicated or shown how he was harmed by the court's action. We note that more than five months elapsed between the date Columbia filed its summary judgment motion and the date of the hearing. It appears that Rucker was given full and fair notice and

---

[10] See *SawHorse, Inc. v. Southern Guaranty Ins. Co. &c.*, 269 Ga. App. 493, 498-499 (2) (b) (604 SE2d 541) (2004) (faulty workmanship can constitute an occurrence within meaning of general commercial liability policy, where insurer has pointed to no evidence that insured intended for the faulty workmanship to occur).

[11] See *Perry*, supra.

[12] See *Allstate Ins. Co.*, supra at 270 (1); *O'Dell v. St. Paul Fire &c. Ins. Co.*, 223 Ga. App. 578, 580 (1) (478 SE2d 418) (1996) (employee's claims alleging sexual harassment and assault and battery by employee of insured did not constitute an occurrence pursuant to liability insurance policy because acts were intentional, not taking place without one's foresight, expectation or design). See also *Custom Planning &c.*, supra at 10 (occurrence/accident does not include breach of a contract); *Ga. Farm &c. Ins. Co. v. Hall County*, 262 Ga. App. 810, 813 (1) (586 SE2d 715) (2003) (failure of property seller to inform buyer of condemnation and lien was not an occurrence/accident under policy). Compare *Cincinnati Ins. Co.*, supra (where claims were based on negligence, premises liability and breach of contract, attack on nursing home resident by fellow resident occurred without nursing home's foresight, expectation or design, so injuries were accidental for purposes of coverage); *Crook*, supra at 615 (insurer obligated to defend insured in underlying tort action because plaintiffs' son had caused his own death and there were no allegations that the insured, a bystander, intentionally caused the death with foresight, expectation or design).

[13] See *Perry*, supra.

[14] Id.

[15] See *Allstate Ins.*, supra at 270 (2).

opportunity to respond to Columbia's motion for summary judgment on the grounds raised therein prior to judgment being entered on those grounds.[16] And, as Rucker concedes, the trial court has the power to reverse or vacate its orders in the same term of court,[17] and there is no claim that the court reversed its ruling beyond the term. The asserted error presents no basis for reversal.

3. Rucker contends that the trial court erred in failing to find a provision of the policy ambiguous. The provision at issue concerned the applicability of an exclusion. As discussed above, because Rucker's claim is not based on a covered occurrence, we need not decide the applicability of any policy exclusions.[18]

## Case No. A10A0936

4. AHS contends that the trial court erred in holding that the claim asserted against it was not covered under the insurance policy. We disagree.

Rucker's complaint alleged that AHS breached its contract with him by failing to regularly monitor and screen its service technicians. Assuming, without deciding, that AHS was an additional insured under Taylor's policy with Columbia, it had the burden of showing a covered occurrence under the policy.[19] But the complaint does not allege, and AHS has not shown, that the failure to monitor and screen technicians was an "unexpected happening"[20] that took place without AHS's foresight, expectation or design,[21] and thus has not shown that the injury was caused by an occurrence within the meaning of the policy.[22] In fact, as noted in Division 1 (b), a breach of contract is not an occurrence or accident.[23] Accordingly, the trial court did not err in determining that there was no occurrence. There being no coverage, we do not reach the issues of whether an exclusion applies or whether AHS qualified as an additional insured under the policy.[24]

*Judgments affirmed. Miller, C. J., and Johnson, J., concur.*

---

[16] See *All Tech Co. v. Laimer Unicon, LLC*, 281 Ga. App. 579, 581 (2) (636 SE2d 753) (2006).

[17] See *Stamps v. Nelson*, 290 Ga. App. 277, 278 (1) (659 SE2d 697) (2008).

[18] See *Allstate Ins. Co.*, supra.

[19] See *Perry*, supra at 11 (1).

[20] See id.

[21] See id.; *Custom Planning &c.*, supra; *Ga. Farm &c. Ins. Co.*, supra.

[22] See *Perry*, supra.

[23] *Custom Planning &c.*, supra.

[24] See *Allstate Ins. Co.*, supra.

DECIDED DECEMBER 1, 2010 —
RECONSIDERATION DENIED DECEMBER 16, 2010 —

*Neil W. Putnam*, for appellants (case no. A10A0935).
*Sommers, Scrudder & Bass, Teddy L. Sutherland, Matthew P. Lazarus*, for appellant (case no. A10A0936).
*Hicks, Casey & Foster, Lisa K. Whitfield*, for appellee.