**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-2233**

───────────

ALLAN CARL RANTA,

               Plaintiff - Appellant,

      v.

THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,

               Defendant - Appellee,

      and

WAYLAND YODER BROWN,

               Defendant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Sol Blatt, Jr., Senior District Judge. (9:11-cv-00074-SB)

───────────

Submitted: May 18, 2012            Decided: July 24, 2012

───────────

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Lawrence E. Richter, Jr., Aaron E. Edwards, THE RICHTER FIRM, LLC, Mt. Pleasant, South Carolina, for Appellant. Richard A. Farrier, Jr., Robert H. Jordan, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Charleston, South Carolina; David M. Spector,

Dennis G. LaGory, David C. Giles, SCHIFF HARDIN LLP, Chicago, Illinois, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allan Carl Ranta brought suit against the Catholic Mutual Relief Society ("Catholic Mutual"), seeking a declaratory judgment that the insurance company is required to indemnify Wayland Yoder Brown, a defrocked priest and convicted pedophile, for the $100 million tort judgment Ranta obtained against him. The district court granted Catholic Mutual's motion for summary judgment and denied Ranta's cross motion for summary judgment, and Ranta now appeals. We have reviewed the record and find no reversible error. Accordingly, we affirm.

In 2006, Ranta brought suit against Brown, the Holy See, the Roman Catholic Diocese of Savannah, and Most Rev. Raymond Lessard and J. Kevin Boland, the Diocese's former and current bishops, in South Carolina state court, alleging that Brown sexually molested, raped, and physically assaulted him as a minor from 1978 to 1982, resulting in years of psychological damage with physical manifestations. In 2009, Ranta reached a "Settlement Agreement and Release" with the Roman Catholic Diocese of Savannah, Lessard, and Boland, whereby Ranta agreed to release "any and all" claims against the named Defendants, as well as the Defendants' insurers, including Catholic Mutual. In return, the Defendants agreed to pay Ranta $4.24 million "in full settlement and discharge of all claims which are, or might have been, the subject matter of the Complaint."

Ranta subsequently filed a motion for summary judgment against Brown, who was not a party to the Settlement Agreement. In response, Brown pled his Fifth Amendment right against self-incrimination. The South Carolina Court of Common Pleas granted Ranta summary judgment on all causes of action, awarding him $50 million in actual damages and $50 million in punitive damages based upon "the violent and severe sexual abuse" suffered by Ranta, the pain and suffering that resulted, and the extensive and substantial medical care incurred. Ranta v. Roman Catholic Diocese of Savannah, No. 2006-CO-27-143 (S.C. Ct. Comm. Pl. Jan. 10, 2010).

In December 2010, Ranta brought the instant action against Catholic Mutual in South Carolina state court, seeking a declaratory judgment that Catholic Mutual is obligated to indemnify Brown for the $100 million tort judgment obtained against him. Catholic Mutual removed the case to federal court, and both parties filed motions for summary judgment. The district court found that the Settlement Agreement did not release Catholic Mutual with respect to Ranta's claims against Brown. However, the court ruled that summary judgment in favor of Catholic Mutual was nonetheless warranted, as Brown's intentional acts of sexual molestation did not constitute an "occurrence" under the insurance policy at issue. The district

4

court denied Ranta's subsequent motion to alter or amend the court's judgment, and Ranta timely appealed.

We review the district court's grant of summary judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (internal quotation marks and citation omitted).

Under South Carolina choice of law rules,[*] an insurance policy is governed by the law of the state in which the policy was issued. Unisun Ins. Co. v. Hertz Rental Corp., 436 S.E.2d 549, 551-52 (S.C. Ct. App. 1993). Brown is a Georgia resident and the policy was issued in Georgia; therefore, Georgia law governs the interpretation of the insurance policy. Pursuant to

---

[*] As the district court sits in South Carolina, South Carolina choice of law rules govern this diversity case. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

Georgia law, to establish a prima facie case on a claim under an insurance policy, the insured must show that the occurrence was within the insured risk. Perry v. State Farm Fire & Cas. Co., 676 S.E.2d 376, 378 (Ga. Ct. App. 2008); Allstate Ins. Co. v. Grayes, 454 S.E.2d 616, 618 (Ga. Ct. App. 1995).

The policy at issue provides coverage for personal injuries caused by an "occurrence," which is defined as "an accident, including injurious exposure to conditions, which results, during the certificate period, in personal injury . . . neither expected nor intended from the standpoint of the" insured party. Although the policy does not define the term "accident," Georgia caselaw defines an accident as "an event which takes place without one's foresight or expectation or design." Perry, 676 S.E.2d at 378 (citing Crook v. Ga. Farm Bureau Mut. Ins. Co., 428 S.E.2d 802, 803 (Ga. Ct. App. 1993)).

On appeal, Ranta asserts that the district court erred in finding that Brown's acts of sexual abuse did not constitute an "occurrence." According to Ranta, Brown knew or should have known he was a danger to children, yet failed to protect Ranta from him, thereby breaching his fiduciary duties as a priest. Therefore, Ranta contends, Brown's conduct constitutes negligence, which triggers coverage under Catholic Mutual's insurance policy.

6

However, the district court properly found that Ranta's attempt to recharacterize Brown's egregious acts of child rape and sexual molestation as negligence does not render Brown's conduct accidental. Numerous Georgia courts have denied insurance coverage for intentional acts of sexual abuse, regardless of attempts to recast acts of child molestation in terms of negligence. See Roe v. State Farm Fire & Cas. Co., 376 S.E.2d 876, 877 (Ga. 1989) (rejecting argument that insurance coverage was warranted because insured perpetrator sexually molested child due to obsessive compulsion, without intent to injure child, as "intentional child molestation carries with it a presumption of intent to inflict injury"); Harden v. State Farm Fire & Cas. Co., 605 S.E.2d 37, 38 (Ga. Ct. App. 2004) (finding that homeowner's insurance company had no duty to indemnify insured who sexually molested a minor child, as the insured "engaged in intentional (not accidental) sexual abuse of the child, causing physical and mental damage to the child which he could only have expected and intended").

Indeed, overwhelming precedent establishes that acts of child molestation are, as a matter of law, considered to be intentional and therefore outside the scope of an "occurrence" for insurance coverage purposes. See Mfr. & Merch. Mut. Ins. Co. v. Harvey, 498 S.E.2d 222, 226 (S.C. Ct. App. 1998) (listing decisions from forty-one states finding that acts of child

7

sexual molestation carry presumption of intent to inflict injury). Although Ranta alleges that Brown acted negligently by failing to protect Ranta against him, the allegations of sexual misconduct involve intentional, willful, and deliberate acts. Moreover, because Brown's acts of sexual abuse carry the inferred intent to harm Ranta, the acts alleged against Brown are not "occurrences" and, therefore, are beyond the scope of Catholic Mutual's insurance coverage.

Ranta next asserts that the district court erroneously awarded Catholic Mutual summary judgment because Catholic Mutual failed to defend Brown in the underlying South Carolina litigation, thereby waiving its coverage defense. Because Catholic Mutual elected not to defend Brown, Ranta advances, Catholic Mutual is estopped from challenging the state court's judgment that Brown's negligence was a proximate cause of Ranta's injuries.

The district court properly rejected Ranta's argument, as the elements of collateral estoppel are not present. Under South Carolina law, collateral estoppel precludes only "a party to the prior action or one in privity with a party to the prior action" from relitigating an issue previously litigated. Ex parte Allstate Ins. Co., 528 S.E.2d 679, 681 (S.C. Ct. App. 2000). The term "privy" means "one so identified in interest with another that he represents the same legal right." Id.

8

Accordingly, when an insurer elects not to defend a tort suit on the ground that the insured's tortious conduct was outside the scope of the insurance policy, the insured and the insurer do not share an identity of interest regarding the underlying action and, therefore, are not in privity. See State Farm Fire & Cas. Co. v. Garrity, 785 F.2d 1225, 1227 (4th Cir. 1986) ("When the insured is sued for negligence and the insurance company believes the injury was intentional, [ ] the interests of the insurer and the insured diverge.").

Moreover, an insurance company "is neither obligated to defend nor bound by the findings of the court if the claim against the insured is not covered by the policy." Farm Bureau Mut. Auto. Ins. Co. v. Hammer, 177 F.2d 793, 799 (4th Cir. 1949). The district court properly found that the allegations of Ranta's complaint established that there was no duty to defend. Accordingly, the South Carolina tort judgment does not bar Catholic Mutual from asserting that Brown's conduct was intentional and, therefore, outside the scope of insurance coverage.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED