[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13338
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-03858-WBH

MERITPLAN INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellee,

versus

COY LEVERETTE, III,

Defendant - Counter Claimant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 13, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Meritplan Insurance Company filed this declaratory action seeking a ruling that Meritplan owed no duty to defend its insured, Coy Leverette, III, against a civil suit alleging bodily injury and property damage. Leverette appeals the district court's order granting summary judgment in favor of Meritplan. No reversible error has been shown; we affirm.

This case arose out of a physical fight between Leverette and Bruno Arredondo. While playing golf with a group of friends, Leverette exchanged verbal insults with Arredondo, a member of another group of golfers. At some point, Leverette grabbed Arredondo's golf club; and the club broke into two pieces. During the ensuing physical struggle, Leverette's friend, Derrick Austin, kicked Arredondo in the head, rendering Arredondo unconscious. Leverette then punched Arredondo repeatedly in the face. Arredondo suffered severe and permanent injuries as a result of the altercation.

Arredondo filed a civil suit against Leverette in state court, alleging claims for trespass to personalty, assault and battery, intentional infliction of emotional distress, and punitive damages. Leverette sought to have Meritplan defend him against Arredondo's suit under Leverette's homeowner's insurance policy ("Policy") with Meritplan. Meritplan agreed to provide the defense under a reservation of rights and filed this declaratory action.

2

Arredondo then amended the underlying complaint, adding a negligence claim against Leverette.  Arredondo alleged that Leverette was negligent for "creating a dangerous situation whereby [Arredondo] felt that he had no choice but to physically tackle Defendant Leverette to the ground, thus resulting in the subsequent physical assault" on Arredondo by Austin and Leverette.

The district court concluded that, because Arredondo's injuries were not caused by "accident," the altercation between Leverette and Arredondo constituted no "occurrence" under the terms of the Policy; and Arredondo's injuries were not covered by the Policy.  As a result, the district court determined that Meritplan had no duty to defend Leverette against Arredondo's civil suit and was entitled to summary judgment.

We review de novo a district court's grant of summary judgment.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  Id. at 836-37.

"An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy."  Nationwide Mut. Fire Ins. Co. v. City of Rome, 601 S.E.2d 810, 812 (Ga. Ct. App. 2004).  Under the terms of the Policy, Meritplan has a duty to defend Leverette "[i]f a claim is made or a suit is

3

brought against [Leverette] for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies . . . ."  The term "occurrence" is defined in the Policy as "an accident . . . which results . . . in: . . . 'Bodily Injury'; or . . . 'Property damage.'"

The term "accident" is undefined by the Policy.  But, under Georgia insurance law, the term "accident" means "an event which takes place without one's foresight or expectation or design."  Allstate Ins. Co. v. Grayes, 454 S.E.2d 616, 618 (Ga. Ct. App. 1995) (citing O.C.G.A. § 1-3-3(2)).  "An accident refers to an unexpected happening rather than one occurring through intention or design."  Id.  Whether an event constitutes an "accident" is determined based on the viewpoint of the insured.  Rucker v. Columbia Nat'l Ins. Cor. Am. Home Shield Corp., 705 S.E.2d 270, 273-74 (Ga. Ct. App. 2010).

The evidence, viewed in the light most favorable to Leverette, demonstrates that the events underlying Arredondo's complaint did not take place without Leverette's foresight, expectation, or design.  That Leverette intended to grab Arredondo's golf club and to strike Arredondo repeatedly in the head and face is undisputed.  Although Leverette contends that he acted in self-defense, that does not alter our conclusion that Leverette acted intentionally.[*]  See Grayes, 454

---

[*] Leverette argues for the first time on appeal that, because he acted in self-defense, his conduct falls under a "reasonable force" exception to the Policy's standard bodily injury exclusion.

S.E.2d at 618-19 (concluding that, despite the insured's self-defense argument, no dispute existed that the insured shot the victims intentionally when he "intended to shoot the gun and hit those whom he intended to shoot.").

That Leverette might not have intended the specific injuries suffered by Arredondo is immaterial. The Policy excludes expressly from coverage losses resulting from "bodily injury . . . which is expected or intended by [the insured] even if the 'bodily injury' . . . [i]s of a different kind, quality or degree than expected or intended . . . ." In addition -- under Georgia law -- Leverette must show "that the loss was the unexpected result of an unforeseen or unexpected act which was involuntarily or unintentionally done, i.e., that the injury resulted from 'accidental means.'" See Winters v. Reliance Std. Life Ins. Co., 433 S.E.2d 363, 363-64 (Ga. Ct. App. 1993) (interpreting policy language that provided coverage for "bodily injury caused by accident"); see also Provident Life & Accident Ins. Co. v. Hallum, 576 S.E.2d 849, 851 (Ga. 2003) (explaining that Georgia law distinguishes between insurance coverage for "bodily injury caused by accident" and "accidental bodily injuries"). Because Leverette acted intentionally and voluntarily when he grabbed Arredondo's golf club and struck Arredondo,

---

Because Leverette failed to raise this argument in the district court, the issue is not properly before us. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

Leverette cannot show that Arredondo's injuries resulted from "accidental means" such that they would be covered under the Policy.

The district court committed no error in determining that Meritplan owed no duty to defend Leverette in Arredondo's suit and that Meritplan was entitled to summary judgment.

AFFIRMED.